UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL NO 2924<br>20-MD-2924<br><br>JUDGE ROBIN L ROSENBERG<br>MAGISTRATE JUDGE BRUCE REINHART |
| GlaxoSmithKline LLC<br>GlaxoSmithKline (America) Inc.<br>GlaxoSmithKline plc<br>Boehringer Ingelheim Pharmaceuticals, Inc.,<br>Boehringer Ingelheim Corporation<br>Boehringer Ingelheim USA Corporation<br>Boehringer Ingelheim International GmbH<br>Boehringer Ingelheim Pharmaceuticals, Inc.<br>Boehringer Ingelheim Promeco, S.A. de C.V.<br><br>Pfizer Inc.<br><br>Sanofi-Aventis U.S. LLC<br>Sanofi US Services Inc.<br>Sanofi S.A.<br>Patheon Manufacturing Services LLC<br>CVS Pharmacy, Inc.<br>BJ's Wholesale Club Holdings, Inc. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**THIS DOCUMENT RELATES TO:**

<u>Kevin Base and James F. Cavacini, Sr</u>.
(Plaintiffs' Names)

## SHORT-FORM COMPLAINT

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Master Personal Injury Complaint ("MPIC") in *In re: Zantac (Ranitidine) Products Lability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint as permitted by Pretrial Order No. 31.

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

{00398962.DOCX}

Plaintiff(s), by counsel, allege as follows:

## I. PARTIES, JURISDICTION, AND VENUE

### A. PLAINTIFF(S)

1. Plaintiff(s) <u>Kevin Base</u> ("Plaintiff(s)") brings this action (check the applicable designation):
   **XX** On behalf of himself.

2. Injured Party is currently a resident and citizen of (City, State) Philadelphia, PA and claims damages as set forth below.

If any party claims loss of consortium,

3. James F. Cavacini, Jr. ("Consortium Plaintiff") alleges damages for loss of consortium.

4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) Philadelphia, PA.

5. At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) Philadelphia, PA.

### B. DEFENDANT(S)

6. Plaintiff(s) name(s) the following Defendants from the Master Personal Injury Complaint in this action:

   a. **Brand Manufacturers:**

   GlaxoSmithKline LLC
   GlaxoSmithKline (America) Inc.
   GlaxoSmithKline plc

   Boehringer Ingelheim Pharmaceuticals, Inc.,
   Boehringer Ingelheim Corporation
   Boehringer Ingelheim USA Corporation
   Boehringer Ingelheim International GmbH
   Boehringer Ingelheim Pharmaceuticals, Inc.
   Boehringer Ingelheim Promeco, S.A. de C.V.

   Pfizer Inc.

   Sanofi-Aventis U.S. LLC
   Sanofi US Services Inc.
   Sanofi S.A.
   Patheon Manufacturing Services LLC

      b.   **Generic Manufacturers:**

      c.   **Distributors:**

      d.   **Retailers:**
          CVS Pharmacy, Inc.
          BJ's Wholesale Club Holdings, Inc.

      e.   **Repackagers:**

      f.   **Others Not Named in the MPIC:**

**C. JURISDICTION AND VENUE**

7. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]: United States District Court for the Eastern District of Pennsylvania.

8. Jurisdiction is proper upon diversity of citizenship.

## II.    PRODUCT USE

9. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

      **XX** By prescription

      **XX** Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) 1992 to 2002 and 2004 [went OTC] to summer 2020.

{00398962.DOCX}

## III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| | BLADDER CANCER | |
| | BRAIN CANCER | |
| | BREAST CANCER | |
| X | COLORECTAL CANCER | August 24, 2015 |
| | ESOPHAGEAL/THROAT/NASAL CANCER | |
| | INTESTINAL CANCER | |
| | KIDNEY CANCER | |
| | LIVER CANCER | |
| | LUNG CANCER | |
| | OVARIAN CANCER | |
| | PANCREATIC CANCER | |
| | PROSTATE CANCER | |
| | STOMACH CANCER | |
| | TESTICULAR CANCER | |
| | THYROID CANCER | |
| | UTERINE CANCER | |
| | OTHER CANCER: _____ | |
| | KILLING (CAUSED BY CANCER) | |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

### IV. CAUSES OF ACTION ASSERTED

12. The following Causes of Action asserted in the Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

    Additional assertion. Pursuant to Pretrial Order 31, Section 4 n, Plaintiffs add the following assertion. When Defendants were discussing with the FDA the carcinogenic risk of Ranitidine, Defendants said to FDA that: "Ranitidine is recommended only for short-term use and carcinogenic risk, if any, should thus be minimized." *See* Master Complaint ¶ 315. Defendants did not disclose that information to others.

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| XX | I | STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| XX | II | STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| XX | III | STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT |
| XX | IV | NEGLIGENCE – FAILURE TO WARN |
| XX | V | NEGLIGENT PRODUCT DESIGN |
| XX | VI | NEGLIGENT MANUFACTURING |
| XX | VII | GENERAL NEGLIGENCE |
| XX | VIII | NEGLIGENT MISREPRESENTATION |
| XX | IX | BREACH OF EXPRESS WARRANTIES |
| XX | X | BREACH OF IMPLIED WARRANTIES |
| XX | XI | VIOLATION OF CONSUMER PROTECTION AND DECEPTIVE TRADE PRACTICES LAWS and specify the state's statute below: 73 P.S. § § 201-1 –201-9.2. _____ |

| Check if Applicable | COUNT | Cause of Action |
|---|---|---|
| XX | XII | UNJUST ENRICHMENT |
| XX | XIII | LOSS OF CONSORTIUM |
|  | XIV | SURVIVAL ACTION |
|  | XV | WRONGFUL DEATH |
|  | XVI | OTHER: |
|  | XVII | OTHER: |

If Count XVI or Count XVII is alleged, additional facts supporting the claim(s):

_____
_____
_____

## V. JURY DEMAND

14. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Master Personal Injury Complaint.

SALMON, RICCHEZZA, SINGER & TUCHI LLP

BY: _/s/ William Mark Mullineaux_
William Mark Mullineaux, Esquire
PA I.D. 40964
1601 Market St., Suite 2500
Philadelphia, PA 19103
Phone: (610) 291-3850
Fax: (215) 279-8267
Email: mmullineaux@srstlaw.com

{00398962.DOCX}